**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DERELL PRUITT, PLAZ HALL MURDOCK-ALEXANDER, JR. on behalf of themselves and other similarly situated laborers, | |
| Plaintiffs, | Case No. |
| v. | Judge |
| QUALITY LABOR SERVICES, LLC and HIGHLAND BAKING COMPANY, INC., | Magistrate Judge |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiffs Derell Pruitt ("Pruitt") and Plaz Hall Murdock-Alexander, Jr. ("Murdock") (collectively "Named Plaintiffs"), on behalf of themselves and all other similarly situated laborers, for their Complaint against Quality Labor Services, LLC ("QLS") and Highland Baking Company, Inc. ("Highland Baking") (collectively "Defendants"), state as follows:

### I.       INTRODUCTION

1.       This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section § 1981"), for Defendants' discrimination against African-American laborers in their practices in making assignments to work. QLS is a temporary staffing agency that assigns temporary laborers in its labor pool to its third party client companies for a fee, including but not limited to Highland Baking, Inc. Since 2012, Plaintiffs have sought work assignments from QLS to QLS' client companies, including but not limited to Highland Baking, but on one or more occasions was not assigned to one or more of QLS' client companies, including but not limited to Highland Baking, because of his race.

2.     Plaintiffs will seek to certify a class pursuant to Federal Rule Civil Procedure 23(a) and (b) to pursue their Title VII and their § 1981 claims on behalf of himself and similarly situated African-American laborers. This Complaint names QLS and Highland Baking, with whom QLS bears joint responsibility, for the pattern or practice of excluding or severely restricting job assignments for African-American laborers. As all referrals for employment at issue in this action were made to QLS' client companies, including but not limited to Highland Baking, by Defendant QLS through its office in Gurnee, Illinois, the claims encompassed by this action warrant certification as a class action, with a separate subclass for each Defendant Highland Baking.

## II.        JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's Title VII and § 1981 claims pursuant to 28 U.S.C. § 1331, arising under arising under 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981.

4.     Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintained their offices and transacted business within this jurisdiction.

5.     On March 16, 2015, Plaintiff Pruitt filed a charge of discrimination against Highland Baking; on June 28, 2016 the EEOC issued a determination finding reasonable cause to believe Highland Baking violated Title VII; and on July 15, 2016 the EEOC issued a Notice of the Right to Sue to Plaintiff Pruitt, attached hereto as Group Exhibit A.

6.     On March 31, 2015, Plaintiff Murdock filed a charge of discrimination against QLS; on June 28, 2016 the EEOC issued a determination finding reasonable cause to believe Highland Baking violated Title VII; and on July 15, 2016 the EEOC issued a Notice of the Right to Sue to Plaintiff Murdock, attached hereto as Group Exhibit B.

7.     On March 31, 2015, Plaintiff Murdock filed a charge of discrimination against Highland Baking; on June 28, 2016 the EEOC issued a determination finding reasonable cause to believe Highland Baking violated Title VII; and on July 15, 2016 the EEOC issued a Notice of the Right to Sue to Plaintiff Murdock, attached hereto as Group Exhibit C.

8.     The case is timely filed.

### III.     PARTIES

**A.     <u>Plaintiffs</u>**

9.     Plaintiff Pruitt:

    a.     is African American and resides in this judicial district;

    b.     is and, at all relevant times, has been qualified to perform work for QLS;

    c.     is and, at all relevant times, has been qualified to perform work for many of QLS' client companies, including but not limited to Defendant Highland Baking;

    d.     is and, at all relevant times, has been a "job applicant" at Defendant Highland Baking and QLS' other client companies through QLS; and

    e.     is and, at all relevant times, has been a laborer seeking work assignments from QLS at QLS' client companies, including but not limited to Defendant Highland Baking.

10.     Plaintiff Murdock:

    a.     is African American and resides in this judicial district;

    b.     is and, at all relevant times, has been qualified to perform work for QLS;

    c.     is and, at all relevant times, has been qualified to perform work for many of QLS' client companies, including but not limited to Defendant Highland Baking;

    d.       is and, at all relevant times, has been a "job applicant" at Defendant Highland Baking and QLS' other client companies through QLS; and

    e.       is and, at all relevant times, has been a laborer seeking work assignments from QLS at QLS' client companies, including but not limited to Defendant Highland Baking.

**B.**     <u>**Defendants**</u>

11.    At all relevant times, Defendant QLS:

    a.       has been a corporation organized under the laws of the State of Indiana;

    b.       has been located in and conducted business in Illinois and within this judicial district;

    c.       has been an "employment agency" as that term is defined by 42 U.S.C. § 2000e(c);

    d.       has been a day and temporary labor service agency as defined by the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq*.; and

    e.       has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

12.    At all relevant times, Defendant Highland Baking:

    a.       has been a corporation organized under the laws of the State of Illinois;

    b.       has been located in and conducted business in Illinois and within this judicial district; and

    c.       has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c);

## IV.    FACTUAL BACKGROUND

13.    At all relevant times, QLS has operated as an employment agency with a branch office located in Gurnee, Illinois ("QLS Gurnee Branch Office").

14.    QLS is in the business of providing third-party client companies, including but not limited to Highland Baking, with low- and moderately-skilled laborers to fill jobs on a daily basis.

15.    QLS acts as an agent of Highland Baking in recruiting, training, assigning and paying laborers to work at Highland Baking.

16.    QLS acts as a joint employer with Highland Baking in the assignment of laborers to work at Highland Baking.

17.    As part of its business, QLS is constantly engaged in recruiting low- and moderately-skilled laborers to fill ongoing work orders. When a laborer seeks an assignment through QLS, such laborers are seeking to fill a daily job at any of the third-party client companies to which QLS supplies labor, including but not limited to Highland Baking.

18.    QLS permits individuals who walk into its QLS Gurnee Branch Office to seek work assignments.

19.    Individuals are referred for employment in the QLS Gurnee Branch Office, regardless of whether they request to be referred to a particular employer.

20.    When an individual comes to the QLS Gurnee Branch Office seeking a work assignment, an QLS employee typically takes contact information for the individual and either refers the individual for employment or informs the individual that s/he will be contacted when a daily job becomes open to which s/he can be referred.

21.    The jobs for which the QLS Gurnee Branch Office refers candidates, including but not limited to at Highland Baking, do not require any special skills, training or qualifications.

22.     From October 2012 through the present, QLS referred for employment thousands of laborers to its client companies, including but not limited to Highland Baking.

23.     From on or about August 2014 to the present, Plaintiff Pruitt sought work at QLS' Gurnee Branch Office on multiple occasions while work assignments were being made to QLS' client companies, including but not limited to Highland Baking.

24.     From on or about October 2014 to the present, Plaintiff Murdock sought work at QLS' Gurnee Branch Office on multiple occasions while work assignments were being made to QLS' client companies, including but not limited to Highland Baking.

25.     On those occasions when the Named Plaintiffs sought work assignments at the QLS Gurnee Branch Office, they were directed to sign in on sign-in sheets that indicated the order in which each had arrived.

26.     Other African American laborers similarly sought work assignments from QLS' Gurnee Branch Office during the period of October 2012 to the present and were directed to put their names on sign-in sheets that indicated the order in which they had arrived.

27.     On each occasion the Named Plaintiffs came to the QLS Gurnee Branch Office to seek a work assignment, they waited in the Branch office in an attempt to receive a work assignment.

28.     During the period from October 2012 and the present, Plaintiffs observed while present in the Gurnee office that typically about a third of the laborers there seeking work assignments were African American.

29.     During the period from October 2012 and the present, Plaintiffs observed, while present at the Gurnee office, that many laborers who appeared Hispanic and spoke Spanish, were assigned to work while laborers who appeared to be African American were not assigned work.

30.     On occasions when the Named Plaintiffs sought work at QLS' Gurnee Branch Office, they were not assigned to work even though there were assignments at QLS' client companies, including but not limited to Highland Baking, for which each was qualified.

31.     Non-African American laborers received work assignments to QLS' client companies, including but not limited to Highland Baking, before African American laborers.

32.     Non-African American laborers were given assignments to QLS' client companies, including but not limited to Highland Baking, before African American laborers even though they were no more qualified to perform the job.

33.     Non-African American laborers were given assignments to QLS' client companies, including but not limited to Highland Baking, before African American laborers even though they arrived after the African American laborers.

34.     The QLS Gurnee Branch Office has had a practice of retaining contact information and/or applications completed by candidates for referral for at least several months.

35.     For the period of October 2012 to the present, on many of the days when the Named Plaintiffs were not present in the QLS Gurnee Branch Office, each was available for assignments at QLS' client companies, including but not limited to Highland Baking.

36.     On such days, the Named Plaintiffs were not contacted for work assignments even though there were assignments available for which each was qualified.

37.     On information, non-African American laborers were contacted for work assignments to QLS' client companies, including but not limited to Highland Baking, before African American laborers.

38.     Non-African American laborers were contacted for work assignments to QLS' client companies, including but not limited to Highland Baking, before African American laborers even though they were no more qualified to perform the job.

39. Non-African American laborers were contacted for work assignments to QLS' client companies, including but not limited to Highland Baking, before African American laborers even though they had been seeking work at QLS for less time.

40. The Named Plaintiffs are and, at all relevant times, have been equally qualified to work at the QLS Gurnee Branch Office's client companies, including but not limited to Highland Baking, as non-African-American laborers who sought and were given a work assignment at QLS' client companies, including but not limited to at Highland Baking.

41. Other African-American laborers who sought work assignments from QLS' Gurnee branch office were likewise equally qualified to work at the client companies, including but not limited to Highland Baking, of QLS' Gurnee Branch Office as Hispanic laborers who sought a work assignment from QLS' Gurnee Branch Office and were given a work assignment at QLS' client companies, including but not limited to Highland Baking.

42. QLS failed to assign Named Plaintiffs to work at several of its client companies, including but not limited to Highland Baking, because of their race.

43. QLS refused to assign other similarly situated African American laborers to work at its client companies, including but not limited to Highland Baking, because of their race.

44. QLS assigned other, non-African-American laborers to work at its client companies, including but not limited to Highland Baking, to fill jobs that required no special education, knowledge or experience.

45. QLS assigned other, non-African-American laborers to work at its client companies, including but not limited to Highland Baking, even though they sought work assignments after Plaintiffs and other similarly situated African American laborers.

46.     Highland Baking was aware, or should have been aware, that QLS has been engaging in a discriminatory practice of assigning almost exclusively Hispanic employees to work at its facility.

47.     Highland Baking exercised authority jointly over the choice of which laborers to assign to work at the Highland Baking, when and how to discipline workers who were assigned to work at Highland Baking and the time, place, and scope of the work to be performed.

48.     Highland Baking failed to exercise reasonable care in ensuring that QLS, as an agent of each company, did not engage in discriminatory assignment practices or in other practices that limited the pool of available temporary workers in a discriminatory way.

49.     Highland Baking had the authority, and exercised that authority, to select the characteristics of laborers that QLS assigned and did not assign to work at its facility. QLS implemented the instructions provided by Highland Baking about which laborers to assign to work at the Highland Baking.

50.     Highland Baking advised QLS of their preference for not having African American laborers assigned.

51.     Highland Baking directed QLS not to assign African American laborers to their work site.

52.     QLS failed to assign Plaintiffs and other similarly situated African-American laborers to work at Highland Baking because it was complying with a discriminatory request from Highland Baking to steer African-American laborers away from its company.

53.     QLS knew or should have known that it was steering African-Americans away from Highland Baking and failed to take action to stop this discriminatory conduct.

## V.    CLASS ACTION ALLEGATIONS

54.    The Named Plaintiffs' claims are susceptible to class certification pursuant to Rule 23(a) and (b)(3), Fed.R.Civ.P.

55.    The Class is defined to include "All African Americans who sought work assignments through QLS in Illinois and were eligible to work at one or more of QLS' client companies at any time between October 13, 2012 and the date of judgment and who, on one or more occasion, were not assigned to work at one of QLS' client companies by QLS."

a.    In addition, a separate Subclass should be certified for claims against Highland Baking ("Highland Baking Subclass"): "All African Americans who sought work assignments through QLS in Illinois and were eligible to work at Highland Baking Company, Inc. at any time between October 13, 2012 and the date of judgment and who, on one or more occasion, were not assigned to work at Highland Baking Company, Inc. by QLS."

56.    Certification of the class and subclass pursuant to Rule 23(a) and (b)(3) is warranted because:

a.    This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, and the Defendants are located in this judicial district.

b.    The class is so numerous that joinder of all members is impracticable. Defendants jointly employed thousands of individuals who sought work assignments through the Gurnee QLS Branch Office from October 13, 2012 through the present. On information and belief, there were thousands of African American laborers who sought assignments to work through QLS in Illinois at QLS' client companies, including but not limited to Highland Baking.

10

    c.        One or more questions of law or fact are common to the class, including:

          (i)      Whether Highland Baking have engaged in a pattern or practice of denying employment to African American laborers because of their race;

          (ii)     Whether Highland Baking directed QLS to refrain from assigning African American laborers to work at Highland Baking;

          (iii)    Whether QLS and Highland Baking are joint employers of the laborers assigned to work at Highland Baking;

          (iv)    Whether Highland Baking failed to exercise reasonable care to prevent their agent, QLS, from engaging in discriminatory hiring practices;

          (v)     Whether the choices QLS made of which laborers it assigned for work through its Illinois offices were made in conformity with directions provided by Highland Baking and other client companies of QLS;

          (vi)    Whether the conduct complained of herein constitutes a violation of Title VII;

          (vii)   Whether the conduct complained of herein constitutes a violation of Section 1981;

          (viii)  Whether injunctive relief is warranted against QLS and/or Highland Baking;

    d.        Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs' Counsel are competent and experienced in litigating discrimination and other employment class actions;

    e.        The class representative and the members of the class have been subject to, and challenge, the same practices that are being challenged by the class;

    f.        Issues common to the class predominate over issues unique to individual class members and pursuit of the claims as a class action is superior to other available methods for the fair and efficient resolution of this controversy.

    g.        Adjudication of these claims as a class action can be achieved in a manageable manner.

57.     Pursuit of the claims set forth herein through a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of 42 U.S.C. § 1981 – Race-based Discrimination
### Plaintiffs on behalf of themselves and a class of similarly situated African American laborers against Defendant QLS
### *Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 57 as though set forth herein.

58.     This Count arises under § 1981 for Defendant QLS' discriminatory practices in assigning laborers to several of its client companies, including but not limited to Highland Baking, as described more fully in paragraphs 13 – 53, *supra*, which resulted in disparate treatment of Plaintiffs and a class of African American laborers.

59.     Defendant QLS engaged in assignment practices that discriminated against Plaintiffs and other similarly situated African American laborers on the basis of their race, African American, as described more fully in paragraphs 13 – 53, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

60.     As described more fully in paragraphs 13 – 53, *supra*, Defendant QLS engaged in a pattern and practice of racial discrimination against Plaintiffs and other similarly situated African American laborers based on their race as African Americans.

61.     As described more fully in paragraphs 13 – 53, *supra*, Defendant QLS' discrimination against Plaintiffs and other similarly situated laborers based on their race as African Americans was intentional.

62.     Defendant QLS failed to assign African American applicants to work at the several of its client companies, including but not limited to Highland Baking, in favor of

Hispanic employees on the basis of their race as African Americans, as described more fully in paragraphs 13 – 53, *supra*.

63.     Defendant QLS' failure to assign Plaintiffs and other similarly situated African-American laborers to work at several of its client companies, including but not limited to Highland Baking, was at least in part because it was complying with a discriminatory request from those client companies, including but not limited to Highland Baking, to steer African American laborers away from their respective facilities in favor of Hispanic laborers.

64.     Highland Baking's requests to QLS to steer African American laborers away from its companies was based on their race.

65.     Defendant QLS failed to exercise reasonable care to ensure that its agents for hiring or assigning laborers did not engage in discriminatory hiring practices.

66.     Defendant QLS' conduct in not assigning Plaintiffs and other similarly situated African American laborers to work at Highland Baking was willful and/or reckless, warranting the imposition of punitive damages.

67.     As a direct and proximate result of the willful and reckless acts or omissions of Defendant QLS alleged in paragraphs 13 – 53, *supra*, Plaintiffs and similarly situated African-American laborers have suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

WHEREFORE, Plaintiffs and the Class respectfully pray that this Court:

A.  allow this action to proceed as a class action against Defendant QLS pursuant to Rule 23;

B.  enjoin Defendant QLS from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers;

C.  enter a judgment in his favor and against Defendant QLS for back pay damages for Plaintiffs and the Class in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action;

E.  for such other relief as this Court deems just and equitable.

**COUNT II**
**Violation of 42 U.S.C. § 1981 – Race-based Discrimination**
**Plaintiffs on behalf of themselves and a class of similarly situated African American laborers against Defendants QLS and Highland Baking**
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 67 as though set forth herein.

68.     This Count arises under § 1981 for Highland Baking's discriminatory practices in hiring through their agent or employment agency, QLS, and QLS' compliance with Highland Baking's discriminatory requests as described more fully in paragraphs 13 – 53, *supra*, which resulted in disparate treatment of Plaintiffs and a class of other African-American laborers.

69.     As described more fully above and specifically in paragraphs 13 – 53, *supra*, Highland Baking intentionally discriminated against Plaintiffs based on their race as African Americans, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

70.     Highland Baking made discriminatory requests of its agent for assigning laborers, QLS, in that, on information, Highland Baking requested that its agent steer Plaintiffs and other similarly situated African Americans away from work at Highland Baking based on their race.

71.     In the alternative, Highland Baking knew or should have known that its agent, QLS, was engaging in a discriminatory practice of assigning laborers to work at Highland Baking.

72.     Highland Baking failed to exercise reasonable care to ensure that its agent for assigning laborers to work at their respective facilities, QLS, did not engage in discriminatory assignment practices.

73.     Highland Baking's discrimination against African American job seekers was based on Plaintiffs' and similarly situated job applicants' race, African American, and violated 42 U.S.C. § 1981.

74.     As a direct and proximate result of the acts or omissions of Highland Baking and QLS alleged in paragraphs 13 – 53, *supra*, Plaintiffs and similarly situated African American job applicants suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

75.     Highland Baking and QLS' conduct was willful and/or reckless, warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs and the Highland Baking Subclass respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendants QLS and Highland Baking pursuant to Rule 23;

B. enjoin Defendants Highland Baking and QLS from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers in the Highland Baking Subclass;

C. enter a judgment in their favor and against Defendants Highland Baking and QLS for back pay damages for Plaintiffs and the Highland Baking Subclass in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action;

E. hold Defendants Highland Baking and QLS jointly and severally liable to pay such damages and attorneys' fees and costs; and

F. for such other relief as this Court deems just and equitable.

**COUNT III**
**Violation of Title VII-Race-based Discrimination–Disparate Treatment**
**Plaintiffs on behalf of themselves and a class of similarly situated African American laborers against Defendants QLS**
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 75 as though set forth herein.

76.     This Count arises under Title VII for Defendants QLS' discriminatory practices assigning laborers through QLS, as described more fully in paragraphs 10 – 49, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American laborers.

77.     As described more fully in paragraphs 13 – 53, *supra*, Defendant QLS engaged in a pattern and practice of intentional discrimination against Plaintiffs based on his race, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

78.     As described more fully in paragraphs 13 – 53, *supra*, Defendant QLS engaged in a pattern and practice of intentional discrimination against other similarly situated African American laborers based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

79.     As a direct and proximate result of the above-alleged acts or omissions of Defendant QLS, Plaintiffs suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

80.     Defendant QLS' conduct was willful and/or reckless, warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant QLS pursuant to Rule 23;

B. enjoin Defendants QLS from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C.  enter a judgment in their favor and against Defendant QLS for back pay damages for Plaintiffs and the Class in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action; and

E.  for such other relief as this Court deems just and equitable.

**COUNT IV**
**Violation of Title VII- Race-based Discrimination – Adverse Impact**
**Plaintiffs on behalf of themselves and a class of similarly situated African American**
**laborers against Defendant QLS**
***Class Action***

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 80 as though set forth herein.

81.  This Count arises under Title VII for Defendant QLS' policy and practice of hiring Hispanic laborers over African American laborers as described more fully in paragraphs 10 – 49, *supra*, resulting in a significant adverse impact on Plaintiffs and a class of African American laborers.

82.  As described more fully in paragraphs 13 – 53, *supra*, Defendant QLS has engaged in a practice of assigning primarily Hispanic laborers to work at its client companies, including but not limited to Highland Baking.

83.  QLS' practice of showing preference for assigning Hispanic laborers over African American workers to work at its third party clients, including but not limited to Highland Baking, has caused a significant disparate impact on Plaintiffs and other similarly situated African-American laborers in obtaining work assignments through QLS, including at Highland Baking.

84.  As a direct and proximate result of the above-alleged acts or omissions of Defendant QLS, Plaintiffs and other similarly situated African American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

85. QLS failed to exercise reasonable care to ensure that its agents did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiffs and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant QLS pursuant to Rule 23;

B. enjoin Defendant QLS from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C. enter a judgment in their favor and against Defendant QLS for back pay damages for Plaintiffs and the Class in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action; and

E. for such other relief as this Court deems just and equitable.

**COUNT V**
**Violation of Title VII-Race-based Discrimination–Disparate Treatment**
**Plaintiffs on behalf of themselves and a class of similarly situated African American**
**laborers as against Defendant Highland Baking**
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 85 as though set forth herein.

86. This Count arises under Title VII for Defendant Highland Baking's discriminatory practices in hiring through its agent or employment agency, QLS, described more fully in paragraphs 13 – 53, *supra*, resulting in disparate treatment of Plaintiffs and a class of African American laborers.

87. As described more fully in paragraphs 13 – 53, *supra*, Defendant Highland Baking engaged in a pattern and practice of intentional discrimination against Plaintiffs based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

88. As described more fully in paragraphs 13 – 53, *supra*, Defendant Highland Baking engaged in a pattern and practice of intentional discrimination against other similarly

situated African American laborers based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

89.     As a direct and proximate result of the above-alleged acts or omissions of Defendant Highland Baking, Plaintiffs and other similarly situated African-American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

90.     Defendant Highland Baking's conduct was willful and/or reckless, warranting the imposition of punitive damages.

91.     Defendant Highland Baking failed to exercise reasonable care to ensure that its agent for the assignment of laborers, QLS, did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiffs and the Highland Baking Subclass respectfully pray that this Court:

A.  allow this action to proceed as a class action against Defendant Highland Baking pursuant to Rule 23;

B.  enjoin Defendant Highland Baking from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers in the Highland Baking Subclass;

C.  enter a judgment in their favor and against Defendant Highland Baking for back pay damages for Plaintiffs and the Highland Baking Subclass in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action;

E.  hold Defendant Highland Baking jointly and severally liable to pay such damages and attorneys' fees and costs; and

F.  for such other relief as this Court deems just and equitable.

**COUNT VI**
**Violation of Title VII-Race-based Discrimination – Adverse Impact**
**Plaintiffs on behalf of themselves and a class of similarly situated African American**
**laborers against Defendant Highland Baking**
*Class Action*

Plaintiffs hereby incorporate and re-allege paragraphs 1 through 91 as though set forth herein.

92. This Count arises under Title VII for Defendant Highland Baking's policy and practice of hiring Hispanic laborers over African American laborers through its agent or employment agency, QLS, as described more fully in paragraphs 13 – 53, *supra*, resulting in a significant adverse impact on Plaintiffs and a class of African American laborers.

93. As described more fully in paragraphs 13 – 53, *supra*, Defendant Highland Baking has engaged in a practice of securing the vast majority of its laborers through its employment agencies, including QLS.

94. Defendant Highland Baking's practice of securing laborers to work at its facility from employment agencies which prefer to assign and, in fact, do assign Hispanic laborers over African American laborers has caused a significant disparate impact on Plaintiffs and other similarly situated African American laborers in obtaining work assignments at Defendant Highland Baking.

95. As a direct and proximate result of the above-alleged acts or omissions of Defendant Highland Baking, Plaintiffs and other similarly situated African American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

96. Defendant Highland Baking failed to exercise reasonable care to ensure that its agents for the assignment of laborers, including QLS, did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiffs and the Highland Baking Subclass respectfully pray that this

Court:

A. allow this action to proceed as a class action against Defendant Highland Baking pursuant to Rule 23;

B. enjoin Defendant Highland Baking from continuing or permitting future violations of § 1981 for racial discrimination against African American laborers in the Highland Baking Subclass;

C. enter a judgment in their favor and against Defendant Highland Baking for back pay damages for Plaintiffs and the Highland Baking Subclass in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action;

E. hold Defendant Highland Baking jointly and severally liable to pay such damages and attorneys' fees and costs; and

F. for such other relief as this Court deems just and equitable.

Respectfully submitted,

Dated: October 13, 2016

*/s/Christopher J. Williams*
Christopher J. Williams (ARDC# 6284262)
Alvar Ayala (ARDC #6295810)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiffs

21