UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERELL PRUITT, on behalf of himself and others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| QUALITY LABOR SERVICES, LLC and HIGHLAND BAKING CO., INC., | ) ) ) |
| Defendants. | ) ) |

No. 16 C 09718

Judge Edmond E. Chang

**ORDER**

Plaintiff Derell Pruitt failed to disclose a number of pending EEOC employment discrimination charges in his Chapter 7 bankruptcy petition.[1] One of those charges became this employment discrimination lawsuit. Defendants Quality Labor Services and Highland Baking Company now argue that Pruitt's failure to disclose that EEOC charge prevents Pruitt from being able to pursue his claims in this case. On that basis, the Defendants moved for summary judgment on the affirmative defense of judicial estoppel. R. 100, Defs.' Mot. Summ. J.[2] Pruitt, unsurprisingly, does not agree, and cross-moved for summary judgment against the judicial-estoppel defense. R. 107, Pl.'s Mot. Summ. J. Genuine disputes of material

---

[1]This Court has subject matter jurisdiction over the case under 28 U.S.C. § 1331.
[2]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

fact prohibit summary judgment for either side, so both motions are denied. The Court must hold a bench trial on the defense.

## I. Summary Judgment Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. Analysis

The doctrine of judicial estoppel prevents litigants from manipulating the court system by adopting inconsistent positions in different cases or different phases of the same case. *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014). "By making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying." *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (quoting *Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1428 (7th Cir. 1993)). When a debtor conceals a contingent or unliquidated claim during bankruptcy and then seeks to profit from the claim, judicial estoppel might apply to bar the debtor from bringing the concealed claim. *Spaine*, 756 F.3d at 547. But the Seventh Circuit has held that only *intentional* concealment of a legal claim triggers judicial estoppel. *Id.* at 547-48. At summary judgment, the moving party must be able to point to undisputed evidence that the omission, even if later cured, "was an intentional effort to conceal an asset from [ ] creditors." *Id.* at 548.

In this case, both sides agree that Pruitt failed to disclose six pending EEOC employment discrimination charges (including the one that became this lawsuit) and a wage-and-hour civil lawsuit in his bankruptcy petition. DSOF ¶¶ 1-3, 5-7; PSOF ¶¶ 34, 42; DSOF Exh. D.[3] But there is clearly a disputed issue of fact as to whether the

---

[3]Citations to the parties' Local Rule 56.1 Statements of Fact are identified as follows: "DSOF" for the Defendants' Statement of Facts [R. 104], "PSOF" for Pruitt's Statement of Additional Facts [R. 109], "Pl. Resp. DSOF" for Pruitt's response to the Defendants' Statement of Facts [R. 109], and "Def. Resp. PSOF" for the Defendants' response to Pruitt's Statement of Additional Facts [R. 111].

omissions were intentional or not. The factual dispute precludes summary judgment for either side.

First, taking the evidence in the light most favorable to Pruitt, a reasonable factfinder could conclude that Pruitt's omission was unintentional. Pruitt maintains that he only met with his bankruptcy attorney, Kenneth Borcia, for 30 minutes before Borcia filed Pruitt's bankruptcy petition. PSOF ¶ 37. Pruitt says that he answered Borcia's questions "to the best of his ability and understanding at the time," and states that he does not remember Borcia asking whether Pruitt had filed any EEOC charges or lawsuits. *Id*. ¶¶ 37-38. According to Pruitt, Borcia only gave him five pages to review and sign at the end of this meeting. *Id.* ¶ 39. The full bankruptcy petition is much longer than five pages, so the implication is that Pruitt was not given the full petition to review. *See id*.; DSOF Exh. D. Pruitt states that he does not have legal training, and did not fully understand what could be accomplished by filing discrimination charges with the EEOC. PSOF Exh. 1, Pruitt Decl. ¶ 11. Pruitt also states that he did not understand the distinction between the wage-and-hour lawsuit to which he was added as a named plaintiff and his then-pending race discrimination EEOC charges. *Id.* ¶ 12. If true, this testimony could give rise to a reasonable inference the Pruitt did not understand that the questions on the bankruptcy petition required him to disclose his EEOC charges and lawsuits. Finally, after defendants filed their judicial estoppel motion, Pruitt reopened his bankruptcy case and corrected his disclosures to include pending lawsuits. DSOF ¶¶ 20-23; PSOF Exhs. 6-7. Although moving to reopen the case could be read as pure opportunism, it could also

4

be interpreted as an attempt to correct an honest mistake. Crediting Pruitt's testimony and taking all these facts in the light most favorable to Pruitt, a reasonable factfinder could determine that Pruitt inadvertently failed to disclose the EEOC charge that led to this case.

On the other hand, taking the facts in the light most favorable to the defendants, a reasonable factfinder could conclude that Pruitt deliberately concealed the pending EEOC charge. For one thing, the answers to other questions in the bankruptcy petition are specific and detailed, which suggests that Borcia *did* go through the entire petition with Pruitt. *See* DSOF Exh. D. What's more, the sheer number of EEOC charges and the additional pendency of the wage-and-hour lawsuit cut against an inference that Pruitt simply forgot about the charges or did not realize their importance. *See* DSOF ¶¶ 1-3. In addition, on at least two separate occasions, Pruitt affirmed *under penalty of perjury* that he had reviewed the information in the petition, and that it was true and complete. First, Pruitt signed the various forms attached to his bankruptcy petition, affirming that he had read the answers and declaring that they were true and correct. *See* DSOF Exh. D, Form 106Dec at 1; Form 107 at 7. Second, Pruitt declared under oath to the bankruptcy trustee that he provided the information in the bankruptcy schedule, that he reviewed the information before signing, and that the information in the schedules was accurate and complete. *See* DSOF Exh. E, 341 Hearing Tr. 1:10-23. Finally, the fact that Pruitt did not reopen his bankruptcy case or correct his omissions until *after* the defendants moved for summary judgment based on judicial estoppel also undermines the

5

conclusion that Pruitt's omission was a mistake or oversight. *See* DSOF ¶¶ 18-20. All this could support a finding of intentional concealment.

## IV. Conclusion

Because the facts in this case would allow a reasonable factfinder to go either way, neither side is entitled to summary judgment on the judicial estoppel defense. Both motions are denied, and the defense's applicability must be decided at a trial. At the last status hearing, all parties agreed that a hearing on the judicial estoppel defense would take the form of a bench trial, not a jury trial. R. 106, Feb. 2, 2018 Minute Entry. Accordingly, the parties should be prepared to discuss bench trial logistics at the status hearing on June 28, 2018. If necessary, the Court can set a schedule for the parties to produce witness and exhibit lists, and to subpoena any witnesses that the parties plan to present at the bench trial.

As a final note, it seems likely that the Defendants will want to call Pruitt's bankruptcy attorney, Kenneth Borcia, as a witness. That is fine, but the Defendants are warned that they will not be allowed to depose Borcia. *See* R. 110, Def. Reply at 6 n.1. The Defendants had ample opportunity to depose witnesses and gather evidence in preparation for the summary judgment motions. They chose not to depose Borcia then, and have missed their chance to do so now. Nor may the trial testimony be a

6

substitute for a deposition; the Rules of Evidence will apply to the trial testimony, rather than the broader inquiries permitted at depositions.

                                        ENTERED:

                                        s/Edmond E. Chang
                                  Honorable Edmond E. Chang
                                  United States District Judge

DATE: June 26, 2018